THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
RICHARD C. RHODES, Defendant-Appellant.

Fourth District   No. 4—85—0428

Opinion filed February 27, 1986.

Daniel D. Yuhas and Allen H. Andrews, both of State Appellate Defender's Office, of Springfield, for appellant.

Craig H. DeArmond, State's Attorney, of Danville (Kenneth R. Boyle, Robert J. Biderman, and Kenneth R. Baumgarten, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE MORTHLAND delivered the opinion of the court:

The defendant appeals from the Vermilion county circuit court's imposition of a 10-year prison sentence following the defendant's conviction for armed robbery (Ill. Rev. Stat. 1983, ch. 38, par. 18—2). We vacate the sentence and remand for resentencing.

The record shows that on November 29, 1984, the defendant appeared at a fast-food restaurant, covered his face with a nylon stocking, and ordered the restaurant manager to fill a paper sack with money. To ensure compliance with his commands, the defendant pointed a small-caliber automatic pistol at the manager and another employee. The defendant obtained approximately $160 from the restaurant and then fled. Danville police arrested him a few minutes

later without resistance. The stolen money was found in the defendant's coat pocket. A search of the vehicle, to which the defendant consented, produced the handgun presumably used in the robbery. When found, the weapon had three rounds in the clip, but no round in the chamber. The defendant claimed he had found the weapon and did not know whether it was loaded when he committed the robbery.

When arrested, the defendant stated he had committed the robbery because his family was starving and public aid would not assist them. The record indicates that the defendant had dropped out of high school, but later obtained his G.E.D. He served time in the regular Army and was honorably discharged; the defendant completed Army Reserve service in 1984. The defendant's service records indicate no disciplinary actions against him. Likewise, he has no recorded criminal or traffic violations as a civilian. The defendant is unmarried, but has a daughter whom he supports as much as he is able. The defendant was regularly employed up to the day before the armed robbery. Whether the defendant was still employed at the time of the robbery, or, if not, the reason for his dismissal, is unclear from the record.

A jury convicted the defendant of armed robbery after trial. On May 24, 1985, the court imposed a sentence of 10 years' imprisonment. In rejecting both the State's recommendation of a 15-year prison term and the defendant's request for the minimum six-year sentence, the court noted the defendant's military service, lack of prior record, and employability as favoring a lesser sentence. However, the court also stated that the defendant's conduct threatened serious physical harm to others and noted a strong need to deter such conduct. Accordingly, the court rejected imposing the minimum sentence.

The defendant argues on appeal that the trial court abused its sentencing discretion by placing great weight on the threat of physical harm to others when that threat was no greater than that inherent in any armed robbery. Moreover, the defendant argues, the court failed to consider his potential for rehabilitation in imposing more than the minimum sentence.

■■ Armed robbery is a Class X felony. The permitted range of prison sentences for a Class X felony is from 6 to 30 years; probation is not an option. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(a)(3).) Among statutory factors which may serve to increase a sentence are that the crime posed a threat of serious physical harm and the need to deter others from committing the same crime. (Ill. Rev. Stat. 1983, ch. 38, pars. 1005—5—3.2(1), (7).) These aggravating factors should be

construed narrowly, with no additional consideration given those elements inherent in the offense. (*People v. Conover* (1981), 84 Ill. 2d 400, 419 N.E.2d 906.) In this regard, we have previously held that, to the extent serious harm is inherent in an offense, it may not also be used to enhance a prison sentence. *People v. Allen* (1981), 97 Ill. App. 3d 38, 422 N.E.2d 254.

We do not believe the record in the present case evidences other than that the defendant committed a robbery using a dangerous weapon; elements present in every armed robbery (see Ill. Rev. Stat. 1983, ch. 38, par. 18—2). Since the trial court improperly relied upon the threat of serious harm as an aggravating factor to increase the defendant's punishment, the sentence must be vacated. We therefore do not address the defendant's second argument. As the trial court recognized, many factors favor a relatively light sentence in the present case: the defendant's lack of a prior record, his employability, and his honorable military service, among others. Nevertheless, he has committed a serious offense which mandates a sentence of at least six years. On remand, a different judge should assess the factors in mitigation, as well as those in aggravation if they exist, and resentence the defendant for armed robbery.

Sentence vacated and cause remanded for resentencing.

WEBBER and SPITZ, JJ., concur.