THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TYRONE DAVIS, Defendant-Appellant.

Second District   No. 2—92—0334

Opinion filed November 30, 1993.

G. Joseph Weller, Ingrid L. Moller, and Ingrid Lehnert, all of State Appellate Defender's Office, of Elgin, for appellant.

Paul A. Logli, State's Attorney, of Rockford (William L. Browers and David A. Bernhard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

Defendant, Tyrone Davis, pleaded guilty to armed robbery (Ill. Rev. Stat. 1991, ch. 38, par. 18—2(a) (now 720 ILCS 5/18—2(a) (West 1992))) in the circuit court of Winnebago County. He was sentenced to 20 years' imprisonment. He appeals his sentence, arguing that the trial judge erred when he considered in aggravation that defendant's conduct had threatened serious harm to his victim. We affirm.

On October 16, 1991, at 7:50 p.m., defendant entered a convenience store in Rockford as the store clerk was counting out lottery money. Defendant jumped over the counter, pointed a loaded revolver at the clerk's head, and demanded that the clerk get down on the floor. Defendant took the lottery money, made the clerk open the store's safe, and stole the money from the safe. Defendant then took another gun from under the counter in the store, jumped back over the counter, and ran out of the store. The clerk gave chase but was unable to apprehend defendant.

After defendant pleaded guilty to armed robbery, the trial judge imposed a 20-year sentence. At sentencing, the judge considered in mitigation that defendant had recently lost his parents. He also noted that defendant did not have a substantial criminal record, that he was a young man, and that he was associating with the wrong kind of people.

In aggravation, the judge considered that defendant had admitted to other armed robberies and that he had committed the instant offense while on probation. The court also stressed the importance of general deterrence. The judge additionally stated:

"Normally you say that something that's a part of the offense itself is not to be taken into consideration, but I think in this case the threat of serious harm could be taken into consideration to prove armed robbery. You just have to prove a person

is armed with a weapon, not that they use it or threaten anybody with it. I think that is something that the Court can take into consideration."

Defendant argues on appeal that the trial judge committed reversible error by considering during sentencing that defendant's conduct threatened serious harm, when the threat of serious harm is implicit in the offense of armed robbery. He relies on our supreme court's holding in *People v. Conover* (1981), 84 Ill. 2d 400. In that case, the court stated that the proceeds received by a defendant convicted of either theft or burglary with the intent to commit theft could not be considered as an aggravating factor under the statute specifying (as an aggravating factor) the defendant's receipt of compensation for committing the offense (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.2(a)(2) (now codified, as amended, at 730 ILCS 5/5—5—3.2(a)(2) (West 1992))). (*Conover*, 84 Ill. 2d at 402-05.) The court noted that a defendant's receipt of proceeds is a factor implicit in most burglaries and in every theft. (*Conover*, 84 Ill. 2d at 404.) *Conover* does not control this case.

Defendant was convicted of armed robbery. Armed robbery occurs when one commits robbery while armed with or carrying a dangerous weapon. (Ill. Rev. Stat. 1991, ch. 38, par. 18—2(a) (now 720 ILCS 5/18—2(a) (West 1992)).) One "commits robbery when he takes property from the person or presence of another by the use of force or by threatening the imminent use of force." (Ill. Rev. Stat. 1991, ch. 38, par. 18—1(a) (now 720 ILCS 5/18—1(a) (West 1992)).) A reading of the statutes makes clear that the threat of *serious* harm is not implicit in every armed robbery, as is the receipt of proceeds in every theft. For example, one could commit armed robbery by walking into a store, momentarily showing the clerk a gun otherwise hidden under clothes, and demanding money from the cash register. (See *People v. Chapman* (1981), 94 Ill. App. 3d 602.) On the other hand, one could commit armed robbery, as happened here, by jumping over a convenience store counter, holding a loaded pistol to the clerk's head, and making off with the store's receipts. Clearly, the latter situation encompasses a greater threat of serious harm than does the former.

Our supreme court has noted this difference:

"Certain criminal conduct may warrant a harsher penalty than other conduct, even though both are technically punishable under the same statute. Likewise, the commission of any offense, regardless of whether the offense itself deals with harm, can have varying degrees of harm or threatened harm. The legislature clearly and unequivocally intended that this varying quan-

tum of harm may constitute an aggravating factor. While the classification of a crime determines the sentencing range, the severity of the sentence depends upon the *degree of harm* caused to the victim and as such may be considered as an aggravating factor in determining the exact length of a particular sentence, *even in cases where serious bodily harm is arguably implicit in the offense for which a defendant is convicted."* (Emphasis in original.) (*People v. Saldivar* (1986), 113 Ill. 2d 256, 269.)

In *Saldivar*, the court held that a judge sentencing a defendant for voluntary manslaughter could, in applying the "conduct caused serious harm" aggravating factor, consider the force used and the manner in which death was caused. *Saldivar*, 113 Ill. 2d at 271.

Moreover, other courts have held that a judge, when sentencing a defendant for armed robbery, may consider as an aggravating factor that the defendant's conduct threatened serious harm. *People v. Gray* (1991), 212 Ill. App. 3d 613 (defendant used shotgun during robbery); *People v. Griffin* (1983), 117 Ill. App. 3d 177 (fully loaded revolver pointed at victim who, after relinquishing portion of money, was grabbed on arm by one robber and made to give up some more); *People v. Reynolds* (1982), 105 Ill. App. 3d 698 (defendant made manager of fast-food restaurant lie on floor at gunpoint and then ordered restaurant employees into walk-in cooler); *People v. Carmack* (1982), 103 Ill. App. 3d 1027 (defendant robbed pharmacy, stuck gun in pharmacist's back and threatened to kill him).

Defendant cites us to *People v. Rhodes* (1986), 141 Ill. App. 3d 362, and *People v. Flanery* (1992), 229 Ill. App. 3d 497, in support of his claim of error. In *Rhodes*, the court found that the trial judge erred in considering the threat of serious harm when sentencing the defendant for armed robbery. (*Rhodes*, 141 Ill. App. 3d at 363-64.) There, the defendant robbed a fast-food restaurant and pointed a pistol at store employees. (*Rhodes*, 141 Ill. App. 3d at 362.) The *Flanery* court held identically to the court in *Rhodes*. (*Flanery*, 229 Ill. App. 3d at 502-03.) In *Flanery*, the defendant robbed a gas station and placed a gun against the cashier's stomach during the offense. *Flanery*, 229 Ill. App. 3d at 498.

We believe the aforementioned cases are better reasoned than *Rhodes* and *Flanery*, and we decline to follow *Rhodes* or *Flanery*. Defendant's conduct in this case, pointing a loaded pistol at the store clerk's head and requiring the clerk to perform tasks at gunpoint, threatened serious harm to the clerk to a degree sufficient to allow

the sentencing judge to consider defendant's conduct as an aggravating factor. We find no error on the part of the trial judge.

For the foregoing reasons, we affirm the judgment of the circuit court of Winnebago County.

Affirmed.

McLAREN and COLWELL, JJ., concur.