THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DEONTA BURGE, Defendant-Appellant.

Second District   No. 2—92—0390

Opinion filed December 30, 1993.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, for appellant.

Michael P. Coghlan, State's Attorney, of Sycamore (William L. Browers and Gregory L. Slovacek, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

The defendant, Deonta Burge, entered a plea of guilty to the offense of armed robbery (Ill. Rev. Stat. 1991, ch. 38, par. 18—2 (now 720 ILCS 5/18—2 (West 1992))). He was sentenced to a term of seven years' imprisonment. The defendant's motion to reconsider the sentence was denied, and this appeal followed. The defendant seeks a reduction of his seven-year sentence to the statutory minimum of six years. For the following reasons, we affirm.

At approximately 2 a.m. on January 17, 1991, the defendant and Lamarr Bailes entered Hardee's Restaurant in De Kalb, Illinois. After ordering food, Bailes produced a small caliber silver-chromed revolver and demanded the clerk, Laurie Mills, give him the money in the cash register. Mills complied. The defendant jumped over the counter and attempted to open the register used for drive-through orders. Since his attempt was not successful, the defendant ordered Mills to open the register. She complied, and the defendant removed the money from the register. The defendant jumped back over the counter, and both men left the restaurant. A total of $166.23 was removed from the restaurant.

During an interview with Officer Michael J. Chamberlain, a police officer for the City of De Kalb, the defendant admitted that he participated in the robbery. Conflicting accounts on the ultimate disposal of the gun were conveyed by Bailes and the defendant. The gun was never recovered.

At a conference held pursuant to Supreme Court Rule 402(d) (134 Ill. 2d R. 402(d)), the defendant changed his prior plea of not guilty to an open plea of guilty. The plea was accepted, and the matter was set for sentencing.

In aggravation, the State indicated that the defendant's conduct in entering a fast-food restaurant and demanding money while his co-defendant brandished a gun threatened serious harm. The State also indicated that the crime continues to threaten serious harm since the gun has not been recovered. The State sought a term of 10 years' imprisonment based on the need to deter other similar crime.

In mitigation, the defense indicated that no person was harmed by the defendant's conduct, that the defendant's conduct in committing the offense did not contemplate physical harm to another since he possibly did not know a gun would be used, and that the defendant was intoxicated while he committed the offense. The presentence report revealed that the defendant had no prior convictions. The defendant graduated from high school while maintaining a B average, was captain of the track team, and was steadily employed since graduation. At the time of the offense, the defendant was 22 years old and held a job earning $18.25 per hour. He has an excellent relationship with his parents and reported no problems with drugs or alcohol abuse. Based on these factors, the defense urged that recidivism was unlikely and sought the minimum sentence of six years' imprisonment.

In sentencing the defendant, the court found that the defendant's conduct caused serious harm because a weapon was used. No merit was attributed to the defendant's suggestion that he was provoked by others to commit the offense and that he did not know Bailes had a gun. The court further stated as follows:

"You have most in your favor you have absolutely no prior record of delinquency or criminal activities. You're employed in an excellent job. Your robbery did not even bring a day's pay even for you. You have to pay a pretty high price.

\* \* \*

As far as aggravation, I feel your conduct, as I said before, did threaten serious harm. I feel you did receive compensation. The reason for you doing this was to get money, steal money. As far as whether or not this type of sentence would deter others from committing the same crime, I feel any sentence where a person goes to the penitentiary is a deterrent, no matter how long or how short the time. I feel it's a deterrent. I am required by law to sentence you to not less than 6 years to the penitentiary. You understood that when you entered your plea of guilty with this in mind.

You stand before me a nice-looking, young man; looks like you should have everything going for you, and now I'm re-

quired to put you in the penitentiary. I feel that because a weapon was actually used, even though you did not have it in your hand, I am not going to impose the minimum of 6 years. I'll sentence you to 7 years in the Department of Corrections."

The defense filed a timely motion to reconsider the sentence, requesting a reduction to the statutory minimum of six years. In denying the motion, the court reiterated its feeling that the minimum penalty would not be imposed because a weapon was used. The defendant appealed, contending that the trial court abused its discretion in sentencing by focusing on factors inherent in the offense of armed robbery.

Initially, we note that the defense did not assert that the trial court considered improper factors in aggravation in its motion to reconsider the sentence or at the hearing thereon. The defense solely asserted that the defendant was entitled to the minimum sentence because he had no prior criminal record. As such, these issues are waived on appeal. Nevertheless, we will review the issues the defendant raises as plain error. 134 Ill. 2d R. 615(a); see also *People v. McCain* (1993), 248 Ill. App. 3d 844, 850.

The defendant first contends that the trial court erred by considering that the offense was committed with a weapon as an aggravating factor. Since the offense of armed robbery is a Class X felony (Ill. Rev. Stat. 1991, ch. 38, par. 18—2(b) (now 720 ILCS 5/18—2(b) (West 1992))), a sentence ranging from 6 to 30 years' imprisonment must be imposed. (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—1(a)(3) (now 730 ILCS 5/5—8—1(a)(3) (West 1992)).) Among the statutory factors which may serve to increase a sentence are that the crime posed a threat of serious physical harm and the need to deter others from committing the same offense. Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—3.2(1), (7) (now 730 ILCS 5/5—5—3.2(1), (7) (West 1992)).

As a general rule, the consideration of a factor which is necessarily implicit in an offense cannot be used as an aggravating factor in sentencing. (*People v. Conover* (1981), 84 Ill. 2d 400, 404-05; *People v. Place* (1992), 238 Ill. App. 3d 1035, 1048.) However, in *People v. Saldivar* (1986), 113 Ill. 2d 256, 268-69, our supreme court indicated that this rule should not be applied rigidly. The sentencing body must be able to give a reasoned judgment as to the proper penalty based on the circumstances of a particular case, with due consideration to relevant factors, including the defendant's demeanor, habits, age, mentality, credibility, moral character and social environment. (See *People v. Scott* (1992), 148 Ill. 2d 479, 560; *Saldivar*, 113 Ill. 2d at 268; *People v. Fort* (1992), 229 Ill. App. 3d 336, 341.) The *Saldivar* court further

stated that "the commission of any offense, regardless of whether the offense itself deals with harm, can have varying degrees of harm or threatened harm." (*Saldivar*, 113 Ill. 2d at 269.) Thus, the *Saldivar* court held that "[w]hile the classification of a crime determines the sentencing range, the severity of the sentence depends on the *degree of harm* caused to the victim and as such may be considered as an aggravating factor in determining the exact length of a particular sentence, *even in cases where serious bodily harm is arguably implicit in the offense for which a defendant is convicted.*" (Emphasis in original.) *Saldivar*, 113 Ill. 2d at 269.

A person commits the offense of armed robbery when he or she "takes property from the person or presence of another by the use of force or by threatening the imminent use of force" (Ill. Rev. Stat. 1991, ch. 38, par. 18—1(a) (now 720 ILCS 5/18—1(a) (West 1992))) while "armed with a dangerous weapon" (Ill. Rev. Stat. 1991, ch. 38, par. 18—2(a) (now 720 ILCS 5/18—2(a) (West 1992))). Thus, it is implicit that the offense was committed while armed with a weapon.

Under *Saldivar*, the degree to which a particular armed robbery threatens serious harm varies according to the facts of each case. Thus, it is proper for the sentencing body to consider the degree of harm threatened as an aggravating factor in imposing a sentence for armed robbery. See *People v. Pittman* (1984), 126 Ill. App. 3d 586, 595; *People v. Griffin* (1983), 117 Ill. App. 3d 177, 185; *People v. Reynolds* (1982), 105 Ill. App. 3d 698, 705; *People v. Tolliver* (1981), 98 Ill. App. 3d 116, 117.

In *People v. Rhodes* (1986), 141 Ill. App. 3d 362, the defendant's sentence of 10 years' imprisonment for armed robbery was vacated, and the cause was remanded for resentencing. In that case, the defendant appeared at a fast-food restaurant with his face covered with a nylon stocking and ordered the restaurant manager to fill a paper sack with money. To ensure compliance with his commands, the defendant pointed a small caliber semiautomatic pistol at the manager and another employee. The defendant obtained approximately $160 and fled the premises. Upon his arrest a few minutes later, the defendant explained that he committed the robbery because his family was starving and public aid would not assist them. The background of the defendant in *Rhodes* was similar to the defendant in the instant case, as he had no recorded criminal or traffic violations, was unmarried, had a daughter whom he supported as much as possible, and was regularly employed up to the day before the armed robbery. Although the defendant in *Rhodes* committed the robbery using a dangerous weapon, the court found that his conduct did not pose a threat of seri-

ous harm greater than in any armed robbery. On this basis, the court held that the trial court improperly relied upon the threat of serious harm as an aggravating factor and remanded the cause for resentencing. See also *People v. Flanery* (1992), 229 Ill. App. 3d 497.

To commit the offense of armed robbery, a "dangerous weapon" must be used. Weapons that have been held to be "dangerous" under the armed robbery statute fall into four categories: (1) objects which are dangerous *per se*, such as knives and loaded guns; (2) objects which are never dangerous weapons, such as a plastic toy gun; (3) objects which are not necessarily dangerous weapons, but can be used in such a matter, such as unloaded guns or toy guns made of heavy material; and (4) objects which are not necessarily dangerous but are used in a dangerous manner in the course of the robbery. (*People v. Flores* (1993), 245 Ill. App. 3d 149, 158.) In *People v. Gray* (1991), 212 Ill. App. 3d 613, the defendant's use of a sawed-off shotgun in an armed robbery was held to be a proper factor to consider in aggravation. The *Gray* court reasoned that a sawed-off shotgun has been considered to be one of the most dangerous and threatening weapons, and the use of that weapon threatens serious harm greater than is inherent in all armed robberies. *Gray*, 212 Ill. App. 3d at 617; see also *People v. Smith* (1982), 105 Ill. App. 3d 639.

In *People v. Davis* (1993), 252 Ill. App. 3d 812, 814, this court stated that "the threat of *serious* harm is not implicit in every armed robbery, as is the receipt of proceeds in every theft." (Emphasis in original.) The *Davis* court criticized the rationale of *Rhodes* and held that a defendant's conduct in pointing a loaded pistol at a store clerk's head and requiring the clerk to perform tasks at gunpoint threatens serious harm to a degree sufficient to allow the sentencing judge to consider this conduct as an aggravating factor. Although the defendant in the present case did not physically hold the gun, his conduct in jumping over the counter while his codefendant brandished a gun threatened serious harm. Although the facts of the present case are strikingly similar to those of *Rhodes*, we determine that the sentencing judge was entitled to consider the degree to which the defendant's conduct threatened serious harm as an aggravating factor in sentencing.

Next, the defendant contends that the receipt of compensation is also implicit in the offense of armed robbery and that the trial court erred by considering this factor in aggravation. We agree. In *People v. Conover* (84 Ill. 2d at 405), our supreme court held that a defendant's taking of proceeds is implicit in the offense of burglary or theft.

Therefore, the sentencing body may not consider this factor in aggravation.

However, every reference by the sentencing court to a factor implicit in the offense does not constitute reversible error. (*People v. Major* (1993), 244 Ill. App. 3d 1013, 1022; *People v. Smith* (1993), 242 Ill. App. 3d 344, 353.) When the weight placed on an improperly considered aggravating factor is so insignificant that it did not lead to a greater sentence, a remand for resentencing is not required. *McCain*, 248 Ill. App. 3d at 853; *People v. Ward* (1993), 243 Ill. App. 3d 850, 852.

In this case, the trial court commented in passing that the defendant was compensated. The judge's comments concerning the sentence indicate that a term of seven years' imprisonment was imposed due to the use of a gun and the need to deter similar conduct. While it was error for the court to make reference to the receipt of compensation, we deem such error harmless.

In *People v. Pierce* (1991), 223 Ill. App. 3d 423, 442, we stated that a factor to consider in examining the propriety of a sentence is the length imposed in relation to the statutory limits. When the penalty is near the maximum, a court is more likely to find that reliance was placed upon an improper aggravating factor. The offense of armed robbery is a Class X felony (Ill. Rev. Stat. 1991, ch. 38, par. 18—2(b) (now 720 ILCS 5/18—2(b) (West 1992))), which carries a mandatory sentence ranging from 6 to 30 years' imprisonment (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(a)(3) (now 730 ILCS 5/5—8—1(a)(3) (West 1992))). The defendant received a sentence only one year above this lower limit. Considering this fact, along with the judge's comments in imposing the sentence, we determine that no undue weight was placed on improper factors. Based on the facts of the instant case, we determine that the trial court did not abuse its discretion in imposing a sentence of seven years for the offense of armed robbery.

For the foregoing reasons, we affirm the judgment of the circuit court of De Kalb County.

Affirmed.

BOWMAN and COLWELL, JJ., concur.