# Illinois Official Reports

## Appellate Court

*People v. Ware*, **2014 IL App (1st) 120485**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EMMANUAL WARE, Defendant-Appellant. |
| District & No. | First District, Sixth Division<br>Docket No. 1-12-0485 |
| Filed | March 14, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's convictions on six counts of armed robbery with a firearm were upheld on appeal, since the error that occurred when the instructions referred to armed robbery while armed with a dangerous weapon, rather than a firearm, was harmless, and the trial court's rejection of an alleged plea agreement during the trial was not plain error; however, defendant was improperly sentenced to an extended-term Class X sentence for armed robbery, because the trial court mistakenly believed defendant had previously been convicted of the Class X offense of aggravated kidnapping, and, therefore, his sentence was amended to the maximum possible nonextended term pursuant to Supreme Court Rule 615(b)(4), and although defendant's prior convictions for aggravated unlawful use of a weapon may now be void due to *Aguilar*, the trial court lacked jurisdiction to consider the sentences in those cases, especially when those sentences did not provide a basis for any enhancement or extended-term sentences in the instant case. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-CR-13639; the Hon. Mary Margaret Brosnahan, Judge, presiding. |
| Judgment | Affirmed as modified. |

Counsel on
Appeal

Michael J. Pelletier and Adrienne N. River, both of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Mary P. Needham, and Sari London, Assistant State's Attorneys, of counsel), for the People.

Panel

PRESIDING JUSTICE ROCHFORD delivered the judgment of the court, with opinion.
Justices Hall and Reyes concurred in the judgment and the opinion.

## OPINION

¶ 1 Following a jury trial, defendant, Emmanuel Ware, was found guilty of six counts of armed robbery with a firearm and sentenced to six concurrent prison terms of 50 years, including a 15-year firearm enhancement and 5-year extended term on each count. On appeal, defendant argues the trial court improperly instructed the jury on the offense of armed robbery with a dangerous weapon where he was charged with armed robbery with a firearm. He also maintains the trial court abused its discretion when it refused to consider a plea agreement as untimely. Defendant further asserts he must be resentenced to a nonextended term because the trial court incorrectly believed he had a previous Class X conviction. Finally, defendant argues we must remand for a new sentencing hearing as his criminal background, which was presented to the trial court, included prior convictions for aggravated unlawful use of a weapon (AUUW). We affirm, but vacate the extended term and modify defendant's concurrent sentences.

¶ 2 Defendant and his codefendant Tyrone Johnson, who is not a party to this appeal, were charged, in relevant part, with six counts of armed robbery. All six counts alleged defendant and codefendant knowingly took property from six different victims "by the use of force or by threatening the imminent use of force and they carried on or about their persons or were otherwise armed with a firearm, in violation of Chapter 720 Act 5 Section 18-2(a)(2) of the Illinois Compiled Statutes 1992 as amended."

¶ 3 On the trial date before the trial began, the trial court asked the attorneys whether plea negotiations were taking place and the status of those negotiations. Defense counsel informed the court that defendant's mother was present and asked if defendant could speak with her. Defense counsel stated: "Toward that end I don't know what will happen." In response, the trial court recessed its proceedings. When proceedings resumed, the trial court stated: "I take it there is obviously no agreement between the parties ***. In other words, was he offered anything less than what he would face if he was convicted?" Defense counsel responded: "No he was not." Thereafter, during the trial, after the State had presented evidence, the assistant State's Attorney, with defense counsel present, stated: "Before we bring the jury out, [defense]

counsel has approached me. His client wants to plead to 21 years." The trial court responded: "I think that's completely off the table and we've already heard witnesses, so I'm not going to go along with that agreement. If you want to work and negotiate something different but, I'm not going to go along with that." Defense counsel did not make any objection or statement at that time. The record reflects that after this colloquy, a recess was taken before the trial resumed.

¶ 4 At trial, the evidence established that on July 10, 2009, defendant and his codefendant were armed with guns when they entered a busy hair salon located at 3855 West Ogden Avenue in Chicago and took money and other personal items from several customers of the salon. The evidence showed defendant held a gun to the head and then the back of Deondre Bush and ordered all persons present in the shop to get down on the floor and to give defendant and codefendant their belongings. Because defendant does not contest the sufficiency of the evidence to sustain his convictions, we will not discuss the evidence in detail.

¶ 5 At the close of the trial, the trial court orally instructed the jury that defendant was charged with six counts of armed robbery and the State had the burden of proving the charges beyond a reasonable doubt. The trial court instructed the jury as to the definition of armed robbery: "A person commits the offense of armed robbery when he, while carrying on or about his person or while otherwise armed with a *dangerous weapon*, knowingly takes property from the person or presence of another by the use of force or by threatening the imminent use of force." (Emphasis added.) The jury also received this instruction in writing. Defendant did not object to the oral and written instructions defining armed robbery.

¶ 6 The trial court also read an instruction for each victim as to the elements that the State had to prove to sustain each of the armed robbery charges against defendant. As part of those instructions, the trial court informed the jury as to each victim, the State had the burden to prove "[t]hat defendant, or one for whose conduct he is legally responsible, carried on or about his person a *firearm* or was otherwise armed with a firearm at the time of the taking." (Emphasis added.) The corresponding written jury instructions, as to the elements of armed robbery for each of the six victims, stated defendant was armed with a "dangerous weapon," instead of a "firearm." Defendant did not object, at any time, to the written instructions which were tendered to the jury.

¶ 7 The trial court, orally and in writing, instructed the jury as to the definition of a firearm for purposes of armed robbery. A gun admitted as evidence during the trial was sent to the jury room with other exhibits.

¶ 8 Following deliberations, the jury found defendant guilty of six counts of armed robbery.

¶ 9 After denying defendant's motion for a new trial, the trial court held a sentencing hearing. At the sentencing hearing, the State presented defendant's criminal history which included two prior convictions for AUUW, and aggravated kidnaping with a firearm. Illinois Department of Corrections (IDOC) records demonstrate defendant was convicted of the Class 2 offense of kidnaping, not the Class X offense of aggravated kidnaping. Defendant was on parole when he committed the six armed robberies at issue.

¶ 10 During the sentencing hearing, the State presented the testimony of the arresting officers in the kidnaping case, who described the circumstances of that incident. Defendant, who was armed with a gun, and two other individuals, who were also armed with guns, forced the victim out of his vehicle, took his jewelry and forced him into another vehicle.

¶ 11    The trial court considered and made detailed findings as to each of the statutory factors in mitigation and aggravation. The trial court found defendant's behavior would likely recur, and the circumstances of his convictions were "horrific." Based on defendant's criminal background and the court's mistaken belief that he had been convicted of a prior Class X felony–aggravated kidnaping–the court found him eligible for an extended term, and sentenced him to six concurrent 50-year terms of imprisonment, including the 15-year firearm enhancement.

¶ 12    On appeal, defendant first maintains that although the State charged him with armed robbery–while armed with a *firearm*–the jury received instructions which referred to armed robbery while armed with a *dangerous weapon*. Because armed robbery with a dangerous weapon is a separate statutory violation from armed robbery with a firearm, defendant argues the jury was improperly instructed and his due process rights were violated. Defendant requests his convictions be vacated and the cause be remanded to the circuit court for a new trial.

¶ 13    The State argues defendant did not object to the jury instructions at trial or raise the issue in a posttrial motion and has forfeited his claim of error. See *People v. Enoch*, 122 Ill. 2d 176, 186 (1988) (stating that both an objection and a written posttrial motion raising the issue are necessary to preserve the issue for review). Defendant recognizes the forfeiture, but argues we may review the issue under the plain-error doctrine. See Ill. S. Ct. R. 451(c) (eff. Apr. 8, 2013) (which provides substantial defects in criminal jury instructions are not forfeited by failing to make a timely objection if required by the interests of justice); *People v. Herron*, 215 Ill. 2d 167, 175 (2005) (Supreme Court Rule 451(c) is coextensive with plain error).

¶ 14    The plain-error doctrine allows a reviewing court to reach a forfeited error which affects substantial rights where: (1) the evidence is so closely balanced, the jury's guilty verdict might have resulted from the error and not the evidence; or (2) as argued here, the error is so serious the defendant was denied a substantial right and, thus, a fair trial. *People v. Herron*, 215 Ill. 2d 167, 178-79 (2005). The defendant has the burden of proving plain error has occurred. *People v. Woods*, 214 Ill. 2d 455, 471 (2005). Before we can find plain error, we must first determine if the trial court committed error at all. *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007).

¶ 15    Jury instructions are intended to guide the jury and to assist in its deliberations and in reaching a proper verdict. *People v. Parker*, 223 Ill. 2d 494, 501 (2006). Jury instructions should be construed as a whole, and we must determine whether the instructions fairly, fully, and comprehensively advised the jury of the relevant legal principles. *Id*. Whether jury instructions accurately conveyed the applicable law is reviewed *de novo*. *Id*.

¶ 16    The armed robbery statute was amended pursuant to Public Act 91-404. Pub. Act 91-404 (eff. Jan. 1, 2000). Prior to this amendment, the statute provided that a person committed the offense of armed robbery if, at the time of the offense, he "carried on or about his person or otherwise was armed with a dangerous weapon." (Internal quotation marks omitted.) *People v. Washington*, 2012 IL 107993, ¶ 6. The amendment created substantively distinct offenses, based on whether the offense was committed with a dangerous weapon "other than a firearm" or whether it was committed with a "firearm." (Internal quotation marks omitted.) *Id*. Consequently, section 18-2(a) of the Criminal Code of 2012 (the Criminal Code) provides:

> "(a) A person commits armed robbery when he or she violates Section 18-1; and
>
> (1) he or she carries on or about his or her person or is otherwise armed with a

dangerous weapon other than a firearm; or

(2) he or she carries on or about his or her person or is otherwise armed with a firearm[.]" 720 ILCS 5/18-2(a)(1), (2) (West 2012).

Defendant was indicted under section 18-2(a)(2) of the Code–armed robbery with a firearm.

¶ 17 The jury received differing instructions regarding the offense of armed robbery. The court tendered to the jury written Illinois Pattern Jury Instructions, Criminal, No. 14.05 (4th ed. 2000) (hereinafter, IPI Criminal 4th No. 14.05), which provided:

"A person commits the offense of armed robbery when he, while carrying on or about his person, or while otherwise armed with a dangerous weapon, knowingly takes property from the person or presence of another by the use of force or by threatening the imminent use of force."

The same instruction was given orally.

¶ 18 The court tendered a written IPI Criminal 4th No. 14.06 instruction as to each victim, which stated:

"To sustain the charge of armed robbery, the State must prove the following propositions:

*** That the defendant, or one for whose conduct he is legally responsible, knowingly took property from the person or presence of [Tiffany Phinn, Jean King, Terrence Woodards, Devon Edwards, Deondre Bush, and Rodney Ragsdale]; and

*** That the defendant did so by the use of force or by threatening the imminent use of force; and

*** That the defendant carried on or about his person a dangerous weapon or was otherwise armed with a dangerous weapon at the time of the taking.

If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.

If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty."

However, the trial court orally instructed the jury according to IPI Criminal 4th No. 14.06, but modified IPI Criminal 4th No. 14.06 to correctly use the term "firearm" and not "dangerous weapon." The written and oral IPI Criminal 4th No. 14.05 instructions and the written IPI Criminal 4th No. 14.06 instructions did not accurately state the law as it applied to defendant, and the fact that several of the court's oral instructions on armed robbery did correctly state the law (including the oral modified IPI Criminal 4th No. 14.06 instructions) does not cure the error. See *People v. Pearson*, 252 Ill. App. 3d 1, 13-14 (1993) (stating that even if the correct instructions may be gleaned from the record, when an overall instruction setting forth the elements of the offense is erroneous, the instructions are in error).

¶ 19 We now address whether the error in the jury instructions rises to plain error under the second prong of the plain-error doctrine. In *People v. Glasper*, 234 Ill. 2d 173 (2009), our supreme court held that a presumptively prejudicial error requiring automatic reversal "is *** an error *** deemed 'structural,' *i.e.*, a systemic error which serves to 'erode the integrity of the judicial process and undermine the fairness of the defendant's trial.' " *Id*. at 197-98 (quoting *Herron*, 215 Ill. 2d at 186); see also *People v. Thompson*, 238 Ill. 2d 598, 613-14

(2010) (confirming that *Glasper* equated the second prong of plain-error review with structural error). A jury instruction error rises to the level of plain error only when it " 'creates a serious risk that the jurors incorrectly convicted the defendant because they did not understand the applicable law, so as to severely threaten the fairness of the trial.' " *Herron*, 215 Ill. 2d at 193 (quoting *People v. Hopp*, 209 Ill. 2d 1, 8 (2004)).

¶ 20    We conclude the erroneous jury instructions did not amount to structural error and find *People v. Watt*, 2013 IL App (2d) 120183, instructive. In *Watt*, the defendant was charged with armed robbery with a firearm. *Id*. ¶ 4. The trial court, in delivering its jury instructions, referred not to a "firearm" as charged in the indictment, but to a "dangerous weapon." *Id*. ¶ 31. On appeal, defendant argued, in part, there was plain error under the second prong. The appellate court held:

> "[W]hen the instructions referred to a 'dangerous weapon' rather than a 'firearm,' they misdescribed an element. A person charged under section 18-2(a)(1) is charged with armed robbery with a 'dangerous weapon other than a firearm,' while a person charged under section 18-2(a)(2) is charged with armed robbery with a 'firearm.' Therefore, a firearm is still a class of dangerous weapon. Because an error in an instruction that either omits an element or misdescribes an element is not a structural error [citation], automatic reversal is not required. Moreover, the jury's verdict of guilty of armed robbery in the present case was based on evidence that defendant was armed with a firearm. It follows that, in finding that defendant was armed with a 'dangerous weapon,' the jury implicitly found that defendant was armed with a firearm. The error did not create a serious risk that the jurors incorrectly convicted defendant because they did not understand the applicable law, so as to severely threaten the fairness of the trial. [Citation.] *** Accordingly, we affirm the armed robbery conviction." *People v. Watt*, 2013 IL App (2d) 120183, ¶ 39.

¶ 21    Following *Watt*, we also find the jury's verdicts finding defendant guilty of armed robbery were based on substantial evidence which established defendant was armed with a firearm when he forcefully took the possessions of six persons, and the jurors understood the applicable law. Indeed, the jurors received six oral instructions which specifically referred to a "firearm," and not a "dangerous weapon," and were instructed orally and in writing on the definition of a firearm. We also note *Watt* disposed of defendant's argument that we should adopt the dissent in *People v. Washington*, 2012 IL 107993, that a firearm is not included in the category of dangerous weapons. *Watt*, 2013 IL App (2d) 120183, ¶ 39 n.3. As the court in *Watt* stated, in using the language "dangerous weapon *other* than a firearm," the legislature "simply distinguished a 'firearm' from other types of dangerous weapons." (Emphasis added and internal quotation marks omitted.) *Id*. ¶ 39 n.3.

¶ 22    Defendant next argues the trial court abused its discretion when it refused to consider a plea agreement of 21 years during the trial. Defendant acknowledges he has forfeited this issue by not raising an objection at trial and by failing to raise the issue in his motion for a new trial. Nevertheless, defendant, citing *People v. Nevitt*, 135 Ill. 2d 423 (1990), asserts the issue involves the conduct of the trial court and should not be considered forfeited.

¶ 23    Although judicial misconduct may provide a basis for relaxing the forfeiture rule under the *Sprinkle* doctrine (*People v. Hanson*, 238 Ill. 2d 74, 117 (2010)), our supreme court has made clear this exception applies only in extraordinary situations, such as when a judge makes inappropriate comments to the jury or relies on social commentary in sentencing defendant to

death. *People v. McLaurin*, 235 Ill. 2d 478, 488 (2009). Defendant has failed to present extraordinary or compelling reasons to relax the forfeiture rule under the *Sprinkle* doctrine, and we decline to do so.

¶ 24 Forfeiture notwithstanding, we find no plain error in the trial court's decision to reject the alleged plea agreement. It is well established that a defendant does not have an absolute right to have a guilty plea accepted by the trial court. *People v. Henderson*, 211 Ill. 2d 90, 103 (2004) (citing *Santobello v. New York*, 404 U.S. 257, 262 (1971)). A trial court may reject a plea in the exercise of sound judicial discretion. *Id*. A trial court's acceptance or rejection of a negotiated plea is reviewed for an abuse of discretion, and we will not substitute our judgment for that of the trial court. *Id*.

¶ 25 In the instant case the assistant State's Attorney, midtrial, informed the trial court he had been informed by defense counsel that defendant "wants to plead to 21 years." In response, the trial court stated: "I'm not going to go along with that agreement." The trial court informed the attorneys they could continue to "negotiate something different." The trial court then recessed the proceedings. Assuming a plea agreement was actually reached between the parties, we find the trial court did not abuse its discretion in rejecting it. Evidence had already been presented as to the nature of the crimes–including two State witnesses, surveillance video, and photographs–when the State approached the court with defendant's request to plead to a 21-year sentence. Based on its knowledge of the case, the trial court did not believe 21 years' imprisonment was sufficient. Indeed, the trial court suggested the parties could "negotiate something different." We also reject defendant's argument the trial court would not consider the plea agreement on the sole ground the trial had already begun.

¶ 26 We find *People v. Allen*, 351 Ill. App. 3d 599 (2004), relied upon by defendant, distinguishable from the case at bar. In *Allen*, the trial court refused to consider a plea agreement on the day of trial because it was untimely. The appellate court held the trial court had abused its discretion by summarily rejecting a plea agreement "tendered on the day of trial," but before the trial had begun as tardy when the court had not provided prior notice of any time limits pertaining to the consideration of any plea agreement. *Id*. at 607. Defendant maintains the trial court here similarly rejected a plea agreement solely because it was untimely, without providing notice of a deadline for a plea agreement. We disagree.

¶ 27 The record, instead, shows the trial court was open to a negotiated plea agreement. Prior to commencing the trial, the trial court here, unlike the trial court in *Allen*, sought to determine whether a plea agreement had been reached, and then allowed defendant an opportunity to speak to his mother as to the negotiations. After a recess, having been told an agreement had not been reached, the trial court commenced the trial. Subsequently, when informed defendant wanted to accept a sentence of 21 years, after trial had begun, again unlike in *Allen*, the trial court did not summarily reject the supposed plea agreement solely because it may have been untimely. In fact, the trial court specifically indicated it would consider a different agreement and suggested further negotiations.

¶ 28 Defendant also argues, and the State concedes, the trial court erroneously sentenced him to an extended-term sentence. An extended-term sentence which is not authorized by statute is void and may be attacked at any time. *People v. Peacock*, 359 Ill. App. 3d 326, 336-37 (2005) (citing *People v. Thompson*, 209 Ill. 2d 19, 27 (2004)).

¶ 29 Under section 5-5-3.2(b)(1) of the Unified Code of Corrections, as relevant to the case at bar, a defendant may be subject to an extended-term sentence for a felony where he was

previously convicted "of the same or similar class felony or greater class felony, when such conviction has occurred within 10 years after the previous conviction." 730 ILCS 5/5-5-3.2(b)(1) (West 2008). Here, defendant was convicted of armed robbery, a Class X felony. 720 ILCS 5/18-2(b) (West 2008). In sentencing defendant, the trial court mistakenly believed defendant was previously convicted of the Class X offense of aggravated kidnaping. However, IDOC records shows defendant had been convicted of kidnaping, a Class 2 felony. See *People v. Peterson*, 372 Ill. App. 3d 1010, 1019 (2007) (this court may take judicial notice of IDOC's records because they are public documents). Defendant, therefore, was not subject to an extended-term Class X sentence for armed robbery where he did not have a prior Class X conviction.

¶ 30    We agree with the State that a remand for sentencing is unnecessary and we may amend defendant's sentence to the maximum possible nonextended term. We reach this conclusion after reviewing the record, in particular, the sentencing hearing.

¶ 31    Defendant was convicted of six counts of armed robbery with a firearm in violation of section 18-2(a)(2) of the Criminal Code (720 ILCS 5/18-2(a)(2) (West 2012)) and, as a Class X offense, carries a sentencing range of 6 to 30 years' imprisonment (720 ILCS 5/18-2(b) (West 2012); 730 ILCS 5/5-8-1(a)(3) (West 2008)).[1] In addition, armed robbery with a firearm carries a mandatory add-on penalty of 15 years' imprisonment. 720 ILCS 5/18-2(b) (West 2012); see also *People v. Blair*, 2013 IL 114122, ¶¶ 27-35 (recognizing the revival of the 15-year sentencing enhancement for armed robbery). The trial court, after a lengthy sentence hearing where it considered all the statutory factors as to mitigation and aggravation, sentenced defendant to the maximum sentence for a Class X offense, *i.e.*, 30 years, with an additional 15 years based on the enhancement for possessing a firearm, and the improper five-year extended term, for a total of 50 concurrent years' of imprisonment.

¶ 32    Where, as here, a trial court improperly imposes an extended term, but it is clear from the record the trial court intended to impose the maximum available sentence, we may use our power under Illinois Supreme Court Rule 615(b)(4), to reduce the sentence to the maximum nonextended term sentence. See *People v. Taylor*, 368 Ill. App. 3d 703, 709 (2006). The trial court's intent to impose the maximum sentence was reflected in its statements. The trial court, during the sentencing hearing, considered the "horrific" and "chilling" circumstances of the incident where unsuspecting people were held hostage by gunpoint and robbed of their belongings. The trial court reviewed each victim's circumstances and the impact the robberies had on them. The trial court described defendant as "leading" and directing the criminal activity. The trial court remarked codefendant and defendant "made sure they got every drop of cash, every drop of jewelry that any of the folk[s] [had] as they're all laying on the floor." Therefore, we vacate the extended-term portion of defendant's sentence and reduce his concurrent sentences from 50 years to 45 years, the maximum nonextended term for committing a Class X felony while in possession of a firearm, for each conviction to be served concurrently.

¶ 33    Finally, defendant argues his cause should be remanded for resentencing so that the trial court may determine whether his previous convictions for AUUW were unconstitutional based on our supreme court's recent decision in *People v. Aguilar*, 2013 IL 112116. In *Aguilar*, our

---

[1]Effective July 1, 2009, the sentencing range for a Class X felony is found in section 5-4.5-25 of the Unified Code of Corrections (730 ILCS 5/5-4.5-25 (West 2010)).

supreme court held, in its modified opinion, the Class 4 form of the AUUW facially violates the right to keep and bear arms as guaranteed by the second amendment to the United States constitution. *Id*. ¶ 22. The State responds, and we agree, this court does not have jurisdiction to review any issue as to whether the prior AAUW convictions are now void.

¶ 34 Our supreme court has made clear that "a notice of appeal confers jurisdiction on a court of review to consider only the judgments or parts thereof specified in the notice of appeal." *People v. Smith*, 228 Ill. 2d 95, 104 (2008). Here, because the notice of appeal is limited to his convictions for armed robbery, this court's jurisdiction does not include a review of defendant's other convictions in 2003 (case number 03 CR 1007001), and 2004 (case number 04 CR 0529501) for AUUW. Furthermore, the fact that *Aguilar* found the Class 4 form of AUUW void does not give us jurisdiction over defendant's prior convictions. Compare *People v. Dunmore*, 2013 IL App (1st) 121170 (where court found it had authority to vacate AAUW conviction based on *Aguilar* on appeal from a revocation of the sentence of probation imposed on that AAUW conviction but did not have jurisdiction to consider State's request to remand the matter so it could reinstate nol-prossed charges). First, the "appellate court is not vested with authority to consider the merits of a case merely because the dispute involves an order or judgment that is, or is alleged to be, void." *People v. Flowers*, 208 Ill. 2d 291, 308 (2003). Therefore, if defendant wishes to challenge his prior convictions for AUUW, he must file appropriate pleadings. Second, defendant assumes his prior convictions for AUUW will be found void. However, this is not necessarily true. The modified opinion in *Aguilar* implies the "so-called 'Class 2 form of the offense,' which enhances the penalty for felons, could potentially remain enforceable." *Aguilar*, 2013 IL 112116, ¶ 47 (Theis, J., dissenting upon denial of rehearing). See also *People v. Burns*, 2013 IL App (1st) 120929, ¶ 27 (concluding that in light of *Heller* and *Aguilar*, "the possession of firearms by felons is conduct that falls outside the scope of the second amendment's protection"). *Aguilar* also holds that "the possession of handguns by minors is conduct that falls outside the scope of the second amendment's protection." *Aguilar*, 2013 IL 112116, ¶¶ 22, 26-27. See also *People v. Henderson*, 2013 IL App (1st) 113294, ¶ 22 (portions of the AUUW are severable and may remain valid under *Aguilar*).

¶ 35 Finally, based on this record, we see no reason to remand for resentencing based on a claim that two of defendant's prior convictions may now be void under *Aguilar*. Neither of the prior convictions for AUUW was an element of the charged offenses (compare *People v. McFadden*, 2014 IL App (1st) 102939), and neither conviction served as a basis for any statutory enhancement or extended-term sentence in this case.

¶ 36 The trial court carefully considered defendant's sentences in light of all matters in aggravation and mitigation. The two prior convictions for AUUW certainly were mentioned as part of defendant's criminal background. Having reviewed the transcript of proceedings from the sentencing hearing, we conclude the trial court placed little emphasis on the prior AUUW convictions. The trial court was most concerned with the circumstances surrounding the six armed robberies at hand and the wanton nature of defendant's prior kidnaping conviction involving a firearm, which has not been challenged as void. Even if the AUUW convictions were now void, we would not be required to remand for resentencing. See *People v. Burge*, 254 Ill. App. 3d 85, 91 (1993) ("When the weight placed on an improperly considered aggravating factor is so insignificant that it did not lead to a greater sentence, a remand for resentencing is

not required.”). We decline defendant's request to remand for resentencing on the basis of his argument that his prior AUUW convictions could now be void.

¶ 37　　　　For the foregoing reasons, we vacate the 5-year extended-term sentence entered by the circuit court and reduce defendant's concurrent sentence from 50 to 45 years' imprisonment (including the 15-year firearm enhancement) on each of his six convictions, to be served concurrently, and affirm the judgment of the circuit court in all other respects.

¶ 38　　　　Affirmed as modified.