# Illinois Official Reports

## Appellate Court

---

### *People v. Cohn*, 2014 IL App (3d) 120910

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES V. COHN, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-12-0910 |
| Filed | November 10, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's conviction for failing to report to and register with a law enforcement agency within 90 days of his prior registration in violation of section 6 of the Sex Offender Registration Act was upheld, notwithstanding the fact that the indictment erroneously cited section 3 of the Act, even though the factual allegations described a violation of section 6, since the charging instrument's reference to an incorrect section of a statute is considered a formal defect, not a substantive defect, and in the absence of any claim that defendant was prejudiced by the miscitation, reversal was not required; furthermore, the sentence to incarceration for 5 years, the middle of the sentencing range, was not an abuse of discretion, especially in view of the fact that the offense was the third failure to register in the past 10 years, and the consideration of defendant's criminal history did not result in any improper double enhancement. |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 12-CF-141; the Hon. Sarah F. Jones, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Michael J. Pelletier and Kathleen Hill, both of State Appellate Defender's Office, of Chicago, for appellant.

James Glasgow, State's Attorney, of Joliet (Thomas D. Arado, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.
Justice Carter concurred in the judgment and opinion.
Justice Schmidt specially concurred, with opinion.

## OPINION

¶ 1 Defendant, James V. Cohn, a registered sex offender, failed to report to and register with a law enforcement agency within 90 days of his previous registration, in violation of section 6 of the Sex Offender Registration Act (the Act) (730 ILCS 150/6 (West 2012)). He was charged by indictment for the violation of section 6, but the indictment mistakenly cited section 3 of the Act. Defendant was convicted after a bench trial, and the court sentenced him to five years' incarceration. Defendant appeals, challenging the sufficiency of the evidence and the propriety of the sentencing hearing. We affirm.

¶ 2                                    FACTS

¶ 3 Defendant was charged by criminal complaint with failure to register as a sex offender as a Class 2 felony. The complaint was superseded by indictment, which alleged:

> "[S]aid defendant, a sex offender, having been previously convicted of Failure to Register as a Sex Offender in the Circuit Court of Will County under case number 2008 CF1034, failed to register in accordance with the provisions of the Sex Offender Registration Act as they apply to him, in that he knowingly failed to report in person to the law enforcement agency with whom he last registered, being the Joliet Police Department, within 90 days of that registration, having last registered on September 20, 2011 and the date James Cohn was arrested being January 18, 2012, more than 90 days later, in violation of Chapter 730, Section 150/3, of the Illinois Compiled Statutes, 2012, contrary to the Statute, and against the peace and dignity of the same People of the State of Illinois."

The charge was a Class 2 felony because defendant had a prior conviction for failure to register. See 730 ILCS 150/10 (West 2012). The court appointed a public defender. Defendant waived his right to a jury trial, and the cause proceeded to a bench trial.

¶ 4 The only witness to testify at trial was Detective Tizoc Landeros, who was in charge of sex offender registration for the Joliet police department. On September 20, 2011, defendant came to the police department to update his sex offender registration because he no longer had a vehicle registered in his name. Defendant completed a form titled "ILLINOIS SEX

OFFENDER REGISTRATION ACT REGISTRATION FORM" reflecting his updated information. The registration form was admitted into evidence. On the back of the form, near defendant's signature, the form read in bold, upper-case lettering, "**I HAVE READ AND/OR HAD READ TO ME, THE ABOVE REQUIREMENTS. IT HAS BEEN EXPLAINED TO ME AND I UNDERSTAND MY DUTY TO REGISTER NEXT ON OR BEFORE 12/20/2011.**" Landeros informed defendant that he was required to register at the police department every 90 days, which meant that defendant needed to register again on or before December 20, 2011. Landeros gave defendant a copy of the registration form. Defendant had been registering at the Joliet police department for the past two or three years.

¶ 5    Landeros further testified that defendant did not register again until January 18, 2012, when defendant registered in person at the police station. At that time, defendant told Landeros that he had forgotten the December 20 registration date because his copy of the registration form was inside his wallet, which he had lost. Landeros arrested defendant for failure to register within 90 days of his most recent registration.

¶ 6    After the close of evidence, defense counsel argued that the court should find defendant not guilty because he did not *knowingly* fail to register. The court rejected that argument and found defendant guilty. Defendant filed a motion for a new trial, arguing that the court should not have found Landeros's testimony credible and that defendant signed the registration form under duress. The court denied the motion.

¶ 7    The cause proceeded to sentencing. The State pointed out that defendant had previously been convicted twice for failure to register as a sex offender–once in 2007 and once in 2008, when he was sentenced to 3½ years' incarceration. Based on that history, the State requested the court to sentence defendant at "the higher end of" the three- to seven-year sentencing range. Defense counsel argued that the court should look favorably on the fact that, although late, defendant attempted to register rather than avoiding the obligation altogether. In addition, counsel highlighted the fact that defendant had a heart attack while in pretrial custody and that a sentence of probation would allow defendant better access to medical treatment. In allocution, defendant stated that he made a mistake and got his dates confused.

¶ 8    The court noted that this was defendant's third conviction for failure to register as a sex offender. The court stated that it had considered all applicable factors in aggravation and mitigation. It sentenced defendant to five years' incarceration.

¶ 9    Defendant filed a motion to reconsider the sentence, arguing that the five-year sentence was excessive. The court denied the motion. Defendant appeals.

¶ 10                                         ANALYSIS

¶ 11    On appeal, defendant claims that: (1) the evidence was insufficient to prove him guilty beyond a reasonable doubt; (2) his sentence was excessive; and (3) the court relied on an inherent element as an aggravating factor in sentencing, resulting in improper double enhancement.

¶ 12                              I. Sufficiency of the Evidence

¶ 13    Defendant frames this issue as one of the sufficiency of the evidence, when it actually concerns the adequacy of the charging information. The indictment erroneously cited section 3 of the Act (730 ILCS 150/3 (West 2012)), while the factual allegations made in the indictment

describe a violation of section 6 of the Act (730 ILCS 150/6 (West 2012)). Defendant argues that because the State did not provide sufficient evidence to prove defendant guilty of a violation of section 3, defendant's conviction must be vacated. We disagree.

¶ 14 Section 111-3 of the Code of Criminal Procedure of 1963 (the Code) (725 ILCS 5/111-3 (West 2012)) requires that the charging instrument cite the statutory provision alleged to have been violated. However, "the mere reference in a charging instrument to an incorrect chapter or section of a statute is regarded as a formal rather than a substantive defect." *People v. McBrien*, 144 Ill. App. 3d 489, 495 (1986). Formal defects do not require reversal unless the defendant establishes prejudice from the defect. *Id.* "Only where the defendant demonstrates prejudice will the mere fact that a criminal complaint contains an incorrect citation to the criminal statute be grounds for dismissal of the conviction." *People v. Melton*, 282 Ill. App. 3d 408, 415 (1996).

¶ 15 When the sufficiency of a charging instrument is challenged for the first time on appeal, strict compliance with section 111-3 of the Code (725 ILCS 5/111-3 (West 2012)) is not required. *Melton*, 282 Ill. App. 3d at 416. Instead, a charging instrument challenged for the first time on appeal will be considered sufficient so long as it (1) apprised the accused of the precise offense charged with sufficient specificity to prepare his defense, and (2) allows pleading the resulting conviction as a bar to future prosecution arising out of the same conduct. *McBrien*, 144 Ill. App. 3d at 495-96.

¶ 16 In the present case, defendant makes no contention that he was prejudiced by the miscitation in the indictment. The language of the indictment made it clear that defendant was being accused of a violation of section 6 of the Act rather than section 3. Section 6 requires a sex offender to report to a law enforcement agency "no later than 90 days after the date of his or her last registration." 730 ILCS 150/6 (West 2012). The factual basis contained in the indictment alleged that defendant "failed to report in person to the law enforcement agency with whom he last registered on September 20, 2011 and the date James Cohn was arrested being January 18, 2012, more than 90 days later." Section 3 of the Act requires sex offenders to register "within 3 days of beginning school, or establishing a residence, place of employment, or temporary domicile." 730 ILCS 150/3(b) (West 2012). It is clear from the facts described in the indictment that defendant was being charged with a violation of section 6 rather than section 3. Therefore, reversal of his conviction is not warranted. Although defendant was not perfectly charged, he was properly charged. See *Melton*, 282 Ill. App. 3d at 416.

¶ 17 Defendant relies on *People v. Lloyd*, 2013 IL 113510, for the proposition that a defendant cannot be found guilty of an uncharged offense. In *Lloyd*, defendant was charged with criminal sexual assault (720 ILCS 5/12-13(a)(2) (West 2008)). On appeal before the supreme court, the State argued that the evidence was sufficient to support a conviction for the uncharged offense of aggravated criminal sexual abuse (720 ILCS 5/12-16(d) (West 2008)) and requested the court to impose such a conviction. The court rejected that argument, explaining that "we can only consider the evidence regarding the actual charges the State chose to bring against him, and not the fact that he may be guilty of the uncharged offense." *Lloyd*, 2013 IL 113510, ¶ 45.

¶ 18 In the present case, the charge the State "chose to bring against" defendant was a violation of section 6 of the Act, as described by the factual basis of the indictment. *Id.* The only problem with the charging instrument was a typographical error that referenced section 3 rather than section 6. To the contrary, in *Lloyd*, the State intentionally charged the defendant with a particular offense and then on appeal attempted to impose a conviction for a different offense.

- 4 -

In the present case, the typographical error does not change the fact that defendant was charged with a violation of section 6 from the onset. Defendant is not being found guilty of an uncharged offense, as described by *Lloyd*.

¶ 19                                    II. Excessive Sentence

¶ 20        Defendant argues that the trial court erred by imposing a "harsh" five-year sentence.

¶ 21        A reviewing court may not alter a defendant's sentence absent an abuse of discretion by the sentencing court. *People v. Alexander*, 239 Ill. 2d 205, 212 (2010). A sentence will be deemed an abuse of discretion where the sentence is greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense. *Id.*

¶ 22        The trial court did not abuse its discretion by sentencing defendant to five years' incarceration for his Class 2 felony of failing to register as a sex offender. The sentencing range for a Class 2 felony is three to seven years. 730 ILCS 5/5-4.5-35 (West 2012). This was defendant's third offense for failure to register in the previous 10 years. Defendant was sentenced to 2 years for his first offense and 3½ years for his second offense. Now on defendant's third offense, the court sentenced him to five years, which was squarely in the middle of the Class 2 sentencing range. That sentence was not "harsh," and it certainly was not an abuse of discretion.

¶ 23                                III. Inherent Aggravating Factor

¶ 24        Defendant asks us to remand the cause for resentencing because the trial court relied on a factor in aggravation that was an element of the underlying offense, resulting in an improper "double enhancement" of defendant's sentence. See *People v. Phelps*, 211 Ill. 2d 1, 12 (2004). Specifically, defendant argues that the court relied on defendant's prior conviction for failure to register as a sex offender as an aggravating factor, after that conviction was also used to enhance the present offense from a Class 3 to a Class 2 felony.

¶ 25        Defendant did not object to this claimed error at sentencing or raise it in a postsentencing motion. A defendant must do both to preserve a sentencing error for review on appeal. *People v. Hillier*, 237 Ill. 2d 539, 544 (2010). Because defendant failed to preserve this claim of error below, review of the error on appeal is limited by the plain error doctrine. *Id.* at 545.

¶ 26        The first step in a plain error analysis is to determine whether a "plain error" occurred. *People v. Piatkowski*, 225 Ill. 2d 551, 564-65 (2007). The word "plain" here "is synonymous with 'clear' and is the equivalent of 'obvious.' " *Id.* at 565 n.2.

¶ 27        If the reviewing court determines that the trial court committed a clear or obvious (or "plain") error, it proceeds to the second step in the analysis: determining whether the error is reversible. A plain error is reversible only when: (1) "the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error," or (2) the error is "so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *Piatkowski*, 225 Ill. 2d at 565; *People v. Herron*, 215 Ill. 2d 167, 178-79 (2005).

¶ 28        On appeal, defendant bears the burden of establishing that the plain error test has been satisfied. *Hillier*, 237 Ill. 2d at 545. A defendant may raise a plain error argument for the first time in his reply brief. *People v. Ramsey*, 239 Ill. 2d 342, 412 (2010). In the present case, the

State in its appellee's brief argued that defendant failed to preserve the alleged sentencing error. In his reply brief, defendant responds with the following argument about the plain error doctrine *in toto*:

> "The State also incorrectly argues that this argument should be deemed forfeited. [Citation.] However, our Supreme Court has established that reliance on an improper factor in aggravation in sentencing implicates a defendant's fundamental right to liberty, and thus constitutes plain error, even if it is not preserved in a motion for a new trial. *People v. Martin*, 119 Ill. 2d 453, 458 (1988); *People v. Kopczick*, 312 Ill. App. 3d 843, 852 (3d Dist. 2000) (trial judge's reliance on an improper aggravating factor impinges upon the fundamental right to liberty, and thus is plain error)."

Although defendant's argument for the application of the plain error doctrine is thin, it is sufficient to raise plain error as an issue and trigger our analysis under the plain error doctrine.

¶ 29    Accordingly, we turn to the first step in the plain error analysis, *i.e.*, the determination of whether a "plain error" occurred. "As a general rule, the consideration of a factor which is necessarily implicit in an offense cannot be used as an aggravating factor in sentencing." *People v. Burge*, 254 Ill. App. 3d 85, 88 (1993). However, "this rule should not be applied rigidly." *Id*.

¶ 30    The court's sentence did not constitute double enhancement. The court considered defendant's criminal history *as a whole* prior to sentencing defendant, in addition to all other factors in aggravation and mitigation. Defendant had two recent convictions for the same offense as that charged in the present case. Only one of those convictions was needed to enhance the present offense from a Class 3 to a Class 2 felony. 730 ILCS 150/10 (West 2012). The court's consideration of defendant's criminal history in general was appropriate and did not result in improper double enhancement.

¶ 31    There was no plain error. Therefore, we do not reach the question whether the error is reversible.

¶ 32                                        CONCLUSION
¶ 33    The judgment of the circuit court of Will County is affirmed.


¶ 34    Affirmed.


¶ 35    JUSTICE SCHMIDT, specially concurring.
¶ 36    While I concur in the judgment, I do not join in the analysis relating to the "inherent aggravating factor." *Supra* ¶¶ 26-28. Defendant did not raise this issue below either at sentencing or in his postsentencing motion. The issue is therefore forfeited. See *People v. Bannister*, 232 Ill. 2d 52 (2008); *People v. Hillier*, 237 Ill. 2d 539 (2010); 730 ILCS 5/5-4.5-50(d) (West 2012).

¶ 37    Defendant did not address the forfeiture/plain error issue in his initial brief. The State argued forfeiture in its brief. In his reply brief, defendant makes the following argument (and only the following argument) with respect to the State's forfeiture argument:

> "The State also incorrectly argues that this argument should be deemed forfeited. (State's Br. 19) However, our Supreme Court has established that reliance on an

improper factor in aggravation in sentencing implicates a defendant's fundamental right to liberty, and thus constitutes plain error, even if it is not preserved in a motion for a new trial. *People v. Martin*, 119 Ill. 2d 453, 458 (1988); *People v. Kopczick*, 312 Ill. App. 3d 843, 852 (3d Dist. 2000) (trial judge's reliance on an improper aggravating factor impinges upon the fundamental right to liberty, and thus is plain error)."

¶ 38        To the extent that the above argument constitutes a request in support of plain error review, it is not only unpersuasive, it is wrong. First of all, *every* error in a criminal trial arguably impinges upon a defendant's fundamental right to liberty. The supreme court has never said that errors that impinge upon the fundamental right to liberty are, *ipso facto*, plain error. To the contrary, our supreme court has said, "It is well settled that, to preserve a claim of sentencing error, both a contemporaneous objection and a written postsentencing motion raising the issue are required." *People v. Hillier*, 237 Ill. 2d at 544.

¶ 39        "The plain-error doctrine is a narrow and limited exception" to the forfeiture rule. *Id.* at 545. "To obtain relief under this rule, a defendant must first show that a clear or obvious error occurred. [Citation.] In the sentencing context, a defendant must then show that (1) the evidence at the sentencing hearing was closely balanced, or (2) the error was so egregious as to deny the defendant a fair sentencing hearing." *Id.* "If the defendant fails to meet his burden, the procedure default will be honored." *Id.* Quite frankly, I have trouble comprehending the concept of closely balanced evidence at a sentencing hearing. In *Hillier*, the supreme court did not have to explain what it meant by that statement since it found the issue forfeited.

¶ 40        The second prong elicited in *Hillier* was, again, that the error was so egregious as to deny the defendant a fair sentencing hearing. *Id.* However, defendant has failed to meet his burden of persuasion since he makes no attempt at persuasion on this second prong, other than a flat and incorrect statement that "reliance on an improper factor in aggravation in sentencing implicates a defendant's fundamental right to liberty, and thus constitutes plain error." In essence, defendant's argument is that the plain error doctrine is a general savings clause to be used to preserve all errors affecting substantial rights that have not been brought to the trial court's attention. However, our supreme court has explicitly rejected this notion. *People v. Herron*, 215 Ill. 2d 167, 177 (2005). To the extent that *Kopczick*, relied upon by defendant, was a correct statement of the law in 2000, it clearly is no more. See also *People v. Ahlers*, 402 Ill. App. 3d 726 (2010).

¶ 41        I note that had this issue not been forfeited, I would agree with the majority's analysis. However, since I find it forfeited, I specially concur.