NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 240695-U

NO. 4-24-0695

IN THE APPELLATE COURT

FILED
August 1, 2025
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Boone County |
| JEAN JIMENEZ GARCIA, | ) | No. 21CF312 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | C. Robert Tobin III, |
| | ) | Judge Presiding. |

---

JUSTICE KNECHT delivered the judgment of the court.
Justices Vancil and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court granted the Office of the State Appellate Defender's motion to withdraw as counsel and affirmed the trial court's judgment, as no issue of arguable merit could be raised on appeal.

¶ 2    Defendant, Jean Jimenez Garcia, appeals his conviction and sentence for aggravated driving under the influence of alcohol (DUI). On appeal, defendant's appointed counsel, the Office of the State Appellate Defender (OSAD), moves to withdraw on the grounds no issue of arguable merit can be raised. Defendant has not filed a response to OSAD's motion. For the reasons that follow, we grant OSAD's motion and affirm the trial court's judgment.

¶ 3                                I. BACKGROUND

¶ 4                                A. Indictment

¶ 5    In November 2021, a Boone County grand jury returned an indictment charging defendant with two counts of aggravated DUI. The indictment alleged defendant, on or about

October 31, 2021, committed the offenses of DUI in that he drove a motor vehicle while under the influence of alcohol (625 ILCS 5/11-501(a)(2) (West 2020)) (count I) and while the alcohol concentration in his breath was 0.08 or more (*id.* § 11-501(a)(1)) (count II). The indictment further alleged, citing subsection (d)(1)(G) of section 11-501 of the Illinois Vehicle Code (*id.* § 11-501(d)(1)(G)), the DUI offenses committed by defendant were aggravated offenses in that they were committed "when the defendant did not possess a driver's license, permit, judicial driving permit, restricted driving permit, or monitoring device driving permit."

¶ 6                                  B. Motion to Suppress Evidence

¶ 7        Defendant filed a motion to suppress evidence. Defendant asserted he was detained without reasonable suspicion or probable cause to believe he had driven a motor vehicle while under the influence of alcohol and, therefore, any evidence recovered following his unlawful detention should be suppressed.

¶ 8        At a hearing on defendant's motion, the evidence showed Officer Charles Robert Schutz responded to a call from a Belvidere, Illinois, resident that two vehicles were parked in front of his home around 2 a.m. on October 31, 2021. When Schutz arrived at the scene, he saw a Jeep with a flat right front tire in the ditch on the right side of the road. The Jeep appeared to have vomit on the outside of the driver's side door. Schutz also saw another vehicle parked on the other side of the road. Defendant was seated in the back seat of that vehicle; nobody was in the Jeep. Schutz spoke to a woman who identified herself as defendant's girlfriend. She told Schutz that defendant had called her and said he had a flat tire while driving. Schutz then spoke to defendant to see if he was injured and to inquire about the situation. Defendant said he was on his way home from a nearby Halloween event when the vehicle he was driving got a flat tire. Schutz smelled a strong odor of alcohol on defendant's breath and noticed defendant's eyes were bloodshot and

"glossy," and his speech seemed slurred. At that point, Schutz began a DUI investigation. He asked defendant to exit the vehicle, at which point Schutz noticed defendant appeared to have vomit on his person. Defendant acknowledged he may have thrown up. He also acknowledged he had been drinking alcohol. Schutz conducted several field sobriety tests: the horizontal gaze nystagmus test, the walk-and-turn test, and the one-legged stand test. Schutz noticed a lack of smooth eye movement on the gaze test. On the walk-and-turn test, defendant exhibited four signs of intoxication: he broke his feet apart while standing, he missed a heel-toe step, he made an improper turn, and he spread his arms more than six inches to maintain balance. When performing the one-legged stand test, defendant hopped, swayed, and repeatedly lifted and put his foot back to the ground. Schutz administered a portable Breathalyzer test, which produced a result of 0.179. After the testing, Schutz arrested defendant. Schutz acknowledged he did not locate keys to a motor vehicle on defendant's person.

¶ 9 Based on the evidence presented, defendant argued there was no basis to believe he had operated a motor vehicle. In support of his argument, defendant emphasized he was found without keys to a motor vehicle and never admitted to driving the Jeep. The State, in response, argued there was a sufficient basis to believe defendant operated a motor vehicle. The State highlighted the statement from defendant's girlfriend, the statement from defendant, and the apparent vomit on defendant and the Jeep. After taking the matter under advisement, the trial court issued a written order denying defendant's motion.

¶ 10                                C. Jury Trial Waiver

¶ 11 Defendant expressed a desire to waive his right to a jury trial. The trial court discussed a jury trial waiver with defendant in open court. The court explained to defendant the differences between a jury trial and a bench trial. When defendant indicated he wanted more time

to discuss the waiver with his counsel, the matter was continued. One month later, defendant appeared before the court and repeated his desire to waive his right to a jury trial. The court admonished defendant about his right to a jury and the consequences of waiving that right. Defendant indicated he understood his right and persisted in his desire to waive it. The court was tendered a written jury waiver signed by defendant. The court accepted defendant's waiver.

¶ 12                          D. Bench Trial

¶ 13          In February 2024, the trial court conducted a bench trial. The court received a stipulation as to certain facts and evidence. The stipulation and evidence were largely consistent with the evidence produced at the hearing on defendant's motion to suppress evidence. They also established defendant did not have a driver's license or similar permit and, after he was arrested and administered a certified breath test at the Boone County jail, had a breath alcohol content result of 0.16. In closing, defendant argued the stipulation and evidence were insufficient to prove the charges. The court found defendant guilty of both counts of the indictment.

¶ 14                          E. Sentencing

¶ 15          In April 2024, the trial court conducted a sentencing hearing. The court merged its findings of guilt, and the parties agreed to a recommended sentence of 24 months' probation on count II. The court sentenced defendant in accordance with the parties' agreement.

¶ 16          This appeal followed.

¶ 17                          II. ANALYSIS

¶ 18          In its motion to withdraw as counsel, OSAD indicates it considered raising five issues but concluded any arguments in support thereof would be without arguable merit.

¶ 19                          A. Indictment

¶ 20    As an initial matter, we note, although not addressed by OSAD, the indictment in this case incorrectly cited subsection (d)(1)(G) of section 11-501 of the Illinois Vehicle Code (625 ILCS 5/11-501(d)(1)(G) (West 2020)) in support of the allegations that the DUI offenses committed by defendant were aggravated offenses. The factual allegations of the indictment and the stipulation and evidence presented at trial clearly refer to subsection (d)(1)(H) of section 11-501. See *id.* § 11-501(d)(1)(H) ("the person committed the violation while he or she did not possess a driver's license or permit or a restricted driving permit or a judicial driving permit or a monitoring device driving permit"). This court has held "the mere reference in a charging instrument to an incorrect chapter or section of a statute is regarded as a formal rather than a substantive defect." *People v. McBrien*, 144 Ill. App. 3d 489, 495 (1986). A formal defect in a charging instrument does not warrant reversal absent the defendant demonstrating prejudice by the erroneous citation. *Id.* Our review of the record does not show defendant was prejudiced by the erroneous subsection citation. See, *e.g.*, *People v. Cohn*, 2014 IL App (3d) 120910, ¶ 16. Accordingly, although not addressed by OSAD, we find no reasonable argument could be made to challenge the indictment.

¶ 21                    B. Motion to Suppress Evidence

¶ 22    OSAD asserts no reasonable argument could be made to challenge the trial court's denial of defendant's motion to suppress evidence.

¶ 23    This court generally applies a two-part standard of review when considering a ruling on a motion to suppress evidence. *People v. Hagestedt*, 2025 IL 130286, ¶ 14. We will give deference to the trial court's findings of fact and will reverse those findings only if they are against the manifest weight of the evidence. *Id.* Where the factual findings are accepted, we will conduct a *de novo* review of whether suppression is warranted under those facts. *People v. Manzo*, 2018 IL 122761, ¶ 25.

¶ 24        It is well established that a law enforcement officer may approach a person seated in a parked vehicle and ask questions of that person without the encounter being deemed a seizure. *People v. Luedemann*, 222 Ill. 2d 530, 552 (2006). "The encounter becomes a seizure only if the officer, through physical force or a show of authority, restrains the liberty of the vehicle's occupant." *Id.* at 552-53. In this case, the evidence showed Schutz was acting in a caretaking capacity upon approaching defendant and did not restrain defendant's liberty in any fashion. Based upon these facts, any argument suggesting defendant was seized during the initial encounter would be without arguable merit.

¶ 25        A law enforcement officer may, furthermore, temporarily seize a person if the officer has a reasonable, articulable suspicion that the person has committed a crime. *People v. Lee*, 214 Ill. 2d 476, 487 (2005). In this case, the evidence showed Schutz, following his initial encounter with defendant, had information suggesting defendant had driven the Jeep, the only vehicle at the scene with a flat tire, while under the influence of alcohol. Based upon this information, any argument suggesting defendant was seized without a reasonable suspicion to believe he had committed DUI would be without arguable merit.

¶ 26        Finally, a law enforcement officer may arrest a person if the officer has probable cause to believe that the person has committed a crime. *People v. Love*, 199 Ill. 2d 269, 279 (2002). In this case, the evidence showed Schutz, following his initial seizure of defendant, had information corroborating his suspicion that defendant had driven the Jeep while under the influence of alcohol. Based upon this information, any argument suggesting defendant was arrested without probable cause to believe he had committed DUI would be without arguable merit.

¶ 27        In sum, we agree with OSAD's assessment and find no reasonable argument could be made to challenge the trial court's denial of defendant's motion to suppress evidence.

¶ 28                                      C. Jury Trial Waiver

¶ 29        OSAD asserts no reasonable argument could be made to challenge defendant's waiver of a jury trial.

¶ 30        The United States and Illinois Constitutions guarantee criminal defendants the right to a trial by jury. U.S Const., amends. VI, XIV; Ill. Const. 1970, art. I, §§ 8, 13. Illinois statutes also protect this right. 725 ILCS 5/103-6(i) (West 2022). The waiver of a jury trial should be made in open court and in writing. *Id.*; 725 ILCS 5/115-1 (West 2022); *People v. Scott*, 186 Ill. 2d 283, 285-86 (1999). The waiver is sufficient only if the defendant understands the decision he or she is making. 725 ILCS 5/103-6(i) (West 2022).

¶ 31        In this case, the trial court discussed with defendant his right to a jury trial. Defendant indicated he understood his right and persisted in waiving that right. The court received a written jury waiver signed by defendant. On this record, we agree with OSAD's assessment and find no reasonable argument could be made to challenge defendant's waiver of a jury trial.

¶ 32                                      D. Admonishments

¶ 33        OSAD asserts no reasonable argument could be made to challenge the absence of admonishments pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 2012).

¶ 34        If a stipulated bench trial is tantamount to a guilty plea, a trial court must admonish the defendant in accordance with Rule 402. See *People v. Horton*, 143 Ill. 2d 11, 14 (1991). A stipulated bench trial is tantamount to a guilty plea when (1) "the State's entire case is presented by stipulation and the defense does not present or preserve a defense" or (2) "the stipulation includes a statement that the evidence is sufficient to convict the defendant." *People v. Clendenin*, 238 Ill. 2d 302, 319, 321 (2010).

¶ 35        In this case, while the State's case was presented by stipulation, defendant did not

stipulate that the evidence was sufficient to convict. Rather, defendant argued the evidence was insufficient to prove the charges. On this record, we agree with OSAD's assessment and find no reasonable argument could be made to challenge the absence of Rule 402 admonishments.

¶ 36                                                          E. Conviction

¶ 37             OSAD asserts no reasonable argument could be made to challenge the sufficiency of the evidence to sustain defendant's conviction.

¶ 38             "Due process requires that to sustain a conviction of a criminal offense, the State must prove a defendant guilty beyond a reasonable doubt of the existence of every element of the offense." *People v. Lucas*, 231 Ill. 2d 169, 178 (2008). When considering a challenge to the sufficiency of the evidence, a reviewing court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." (Internal quotation marks omitted.) *People v. Hardman*, 2017 IL 121453, ¶ 37.

¶ 39             To prove defendant guilty of aggravated DUI as charged in count II, the State had to prove defendant drove a motor vehicle while the alcohol concentration in his breath was 0.08 or more and when he did not possess a driver's license, permit, judicial driving permit, restricted driving permit, or monitoring device driving permit. 625 ILCS 5/11-501(a)(1), (d)(1)(H) (West 2020).

¶ 40             In this case, the stipulation and evidence showed defendant admitted to driving a vehicle immediately before its tire blew out, and the Jeep at the scene had a flat tire. The stipulation and evidence also showed defendant did not have a driver's license or similar permit and, after he was arrested and administered a certified breath test at the Boone County jail, had a breath alcohol content result of 0.16. On this record, we agree with OSAD's assessment and find no reasonable

argument could be made to challenge the sufficiency of the evidence to sustain defendant's conviction.

¶ 41                                    F. Sentence

¶ 42          OSAD asserts no reasonable argument could be made to challenge defendant's sentence.

¶ 43          "[A] sentence within statutory limits will not be deemed excessive unless it is greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense." (Internal quotation marks omitted.) *People v. Little*, 2011 IL App (4th) 090787, ¶ 22. A trial court's sentencing decision is reviewed for an abuse of discretion, as the trial court is generally in a "better position than a court of review to determine an appropriate sentence based upon the particular facts and circumstances of each individual case." (Internal quotation marks omitted.) *People v. Price*, 2011 IL App (4th) 100311, ¶ 36.

¶ 44          In this case, defendant agreed to the sentence which he ultimately received, and he did not challenge it in a postsentencing motion. Moreover, the sentence is well within the sentencing range. See 730 ILCS 5/5-4.5-45(a), (d) (West 2020). On this record, we agree with OSAD's assessment and find no reasonable argument can be made to challenge defendant's sentence.

¶ 45                                    III. CONCLUSION

¶ 46          For the reasons stated, we grant OSAD's motion to withdraw as counsel and affirm the trial court's judgment.

¶ 47          Affirmed.